# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAUL FLORES, <br><br> Petitioner, <br><br> v. <br><br> ROBERT NEWSCHMID, Warden, <br><br> Respondent. | No. CV 20-00500-VBF (DFM) <br><br> Order Summarily Dismissing Petition for Lack of Jurisdiction |

On January 17, 2020, Paul Flores ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). On the same date, Petitioner requested that the instant proceedings be stayed under Rhines v. Weber, 544 U.S. 269 (2005). See Dkt. 3. The Court then ordered Respondent to file an opposition or statement of non-opposition to Petitioners' request. See Dkt. 5 ("Response Order").

Respondent now moves to vacate the Response Order on the ground that the Petition is second and successive, and thus the Court lacks jurisdiction over the matter. See Dkt. 7. Respondent notes that Petitioner filed a federal habeas petition in 2007, which was dismissed with prejudice as untimely. See id. at 1; see also Flores v. Horel, No. 07-03100 (C.D. Cal. Filed May 10, 2007), Dkts. 1 (Petition), 14 (R&R), 30 (Order Accepting R&R), 31 (Judgment), 39

(Order Denying Certificate of Appealability), 54 (Ninth Circuit Order Denying Certificate of Appealability).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657, (1996). Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" AEDPA. 28 U.S.C. § 2244(b)(3)(C).

The Court agrees that the Petition is second and successive. Both the 2007 petition and the instant Petition challenge Petitioner's October 2000 conviction for first degree murder, assault with a firearm, attempted residential robbery, residential robbery, and residential burglary. Additionally, the claims of the two petitions substantially overlap.

Respondent's motion is GRANTED. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until he does so, the Court is without jurisdiction to entertain the Petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007).

The Petition is thus DISMISSED without prejudice to its refiling at such time as Petitioner obtains permission to file a successive petition.

Date: April 7, 2020

VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge