JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAUL FLORES,<br><br>Petitioner,<br><br>v.<br><br>ROBERT NEWSCHMID, Warden,<br><br>Respondent. | No. LA CV 20-00500-VBF (DFM)<br><br>Order Summarily Dismissing the Habeas Petition for Lack of Subject-Matter Jurisdiction |

## I.  BACKGROUND

On January 17, 2020, Paul Flores ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). On the same date, Petitioner requested that the instant proceedings be stayed under Rhines v. Weber, 544 U.S. 269 (2005). See Dkt. 3. The Court ordered Respondent to file an opposition or statement of non-opposition to Petitioner's request. See Dkt. 5.

On February 13, 2020, Respondent filed a Motion to Vacate the Court's order on the ground that the Petition was second and successive. See Dkt. 7. Respondent noted that Petitioner filed a federal habeas petition in 2007, which was dismissed with prejudice as untimely. See id. at 1 (citing Flores v. Horel, No. 07-03100 (C.D. Cal. Filed May 10, 2007), Dkts. 1 (Petition), 14 (R&R), 30 (Order Accepting R&R), 31 (Judgment), 39 (Order Denying Certificate of

Appealability), 54 (Ninth Circuit Order Denying Certificate of Appealability)). Petitioner did not file a response or otherwise contact the Court. Accordingly, on April 7, the Court found that the Petition was second and successive and summarily dismissed the Petition without prejudice. See Dkts. 10 (Order), 11 (Judgment), 12 (Order Denying Certificate of Appealability).

On June 17, 2020, the Court granted Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b), vacated the April 7 Judgment, and ordered Petitioner to file a response to Respondent's Motion to Vacate. See Dkt. 17. On July 20, Petitioner did so. See Dkt. 22.

## II. DISCUSSION

As explained previously, a federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. See id. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. See Burton, 549 U.S. at 157.

Here, Petitioner contends that his claims in the instant Petitioner differ from those raised in his prior petition, and that the new claims rely on the California Supreme Court's decision in People v. Banks, 61 Cal. 4th 788 (2015), decided after his conviction. See Response at 3-7.[1] But Petitioner does

---

[1] Although not raised by Petitioner, the Court notes that the dismissal of Petitioner's 2007 petition for untimeliness "renders subsequent petitions

not dispute that he has failed to move in the Ninth Circuit for an order authorizing this Court to consider the Petition. Until then, the Court lacks jurisdiction over the case. See Burton, 549 U.S. at 157.

### III.  CONCLUSION

The Petition is DISMISSED for lack of jurisdiction. The April 7 Judgment (Dkt. 11) and Order Denying Certificate of Appealability (Dkt. 12) are REINSTATED. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

Date: October 26, 2020

_____
VALERIE BAKER FAIRBANK
Senior United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge

---

second or successive for purpose of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).